# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,        )
                                      )
                                      )
                                      )      Case No. 1306021398

        v.                    )

DALE A. MARTINI, JR.,       )

        Defendant.       )

Submitted: March 26, 2014
Decided: April 2, 2014

Christina Kontis, Esq.
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State*

Dale A. Martini
c/o Kedar Anshari Ptah-El
414 North Cox Street
Middletown, Delaware 19709
*Pro-Se Defendant*

## DECISION AFTER TRIAL

**RENNIE, J.**

# INTRODUCTION

On June 23, 2013, Defendant Dale Martini (hereinafter "Defendant") was arrested after New Castle County police received a report of a suspicious male in an abandoned house. Defendant was arrested and charged with Criminal Trespass Second Degree pursuant to 11 *Del. C.* § 822.[1] Trial was held on March 26, 2014, and the Court reserved its decision.

# FACTUAL BACKGROUND

The State's only witness at trial was Officer Matthew Donovan (hereinafter "Officer Donovan") of the New Castle County Police Department. Officer Donovan testified that on June 23, 2013, he was working on routine patrol in New Castle. At approximately 10:00 p.m., Officer Donovan received a call about a 911 Complaint. The caller reported a suspicious person in an abandoned residence at 45 Chesterfield Drive in the Garfield Park section of New Castle. Officer Donovan testified that upon arrival, the property appeared abandoned. The grass was overgrown and there was an "abandoned" sticker on the front door. Officer Donovan and two other officers discovered an unsecured door at the rear of the residence, and all entered the home and announced their presence. In response, Defendant walked out from the rear of the residence. Defendant advised the officers that he had rights to the residence, and was there to drop off supplies. Officer Donovan testified that there appeared to be nothing in the house that could be considered "supplies," but that he did observe numerous alcoholic beverage containers and a cooler with ice and snack foods.

Defendant identified himself as Kedar Anshari Ptah-El. The officers searched their databases for the name, but the search provided no results. Defendant then provided officers

---

[1] "A person is guilty of criminal trespass in the second degree when the person knowingly enters or remains unlawfully in a building or upon real property which is fenced or otherwise enclosed in a manner manifestly designed to exclude intruders."

with an alias name of Dale Martini, which did appear in the system.[2] Defendant also provided the officers with an unsigned petition from the Justice of the Peace Court, which demonstrated that Defendant was not the owner of the home, but had intentions of obtaining possession of the home. The officers then arrested Defendant for criminal trespass.

Officer Donovan testified that a later title search confirmed that 45 Chesterfield Drive was owned by a Frances Hollis, who had recently passed away. The State submitted two self-authenticating documents into evidence: 1) the Deed to 45 Chesterfield Drive, naming Frances Hollis as owner, and which did not list Defendant's name; and 2) the Last Will and Testament of Frances Hollis, which does not mention Defendant, but which does direct the executor of her estate to sell the home.

The defense's only witness was Crystal Gabri El, who testified to Defendant's position as an Assistant Grand Sheik and confirmed that he is a Moorish American.


## DISCUSSION

I.    Jurisdiction

Defendant argued that the Court lacked subject matter jurisdiction over his claim, because an "injured party" did not appear to claim damages against him, and the State's attorney did not produce proof of her right to practice law in Delaware. The Court ruled that it possessed subject matter jurisdiction over the matter.

---

[2] Defendant acknowledged that his birth name is Dale Martini, but he now carries the name of Kedar Anshari Ptah-El.

3

II.    Officers Possessed Both Reasonable Articulable Suspicion and Probable Cause

In his closing argument, Defendant raised the issue that the arresting officers lacked reasonable articulable suspicion to question him and probable cause to arrest him. The Court is satisfied that the officers, after receiving a 911 dispatch to 45 Chesterfield Drive, regarding a suspicious person on the property, had reasonable articulable suspicion to question any individuals encountered on the property. Then, after receiving documentation from Defendant that confirmed that Defendant had no right to be on the property, the officers had probable cause to arrest Defendant for trespass.

Defendant argued that the officers did not produce an arrest warrant at the time of his arrest. However, as Officer Donovan testified, because the officers were dispatched to a "crime in progress," the production of the warrant did not need to occur at the scene. Thus, both reasonable articulable suspicion to question Defendant, and probable cause to arrest Defendant, existed in this matter.

III.    Criminal Trespass Second Degree

To find an individual guilty of criminal trespass in the second degree, the State must prove, beyond a reasonable doubt, that Defendant "knowingly enter[ed] or remain[ed] unlawfully in a building or upon real property which is fenced or otherwise enclosed in a manner manifestly designed to exclude intruders."[3]   Officer Donovan testified that he and two other officers responded to a 911 dispatch regarding a suspicious individual entering an abandoned building. Upon entering the premises and announcing their presence, Defendant appeared. The officers questioned his presence in the home, and Defendant produced documentation that

---

[3] 11 *Del. C.* § 822.

4

purported to prove his legal right to the dwelling. Upon further inspection, however, the officers noted that the document, a petition filed in Justice of the Peace Court 13, was not signed by a magistrate judge. The petition, therefore, did not give Defendant either a legal right or title to the property.

Defendant argued at trial that pursuant to 25 *Del. C.* §§ 4001, 4002, and 4003, he has a legal right to the property. Defendant's argument is misplaced. These sections of the statute relate to abandoned *personal property* and not real property.[4] Moreover, even if the statute related to real property, Defendant did not possess a signed order following a petition that entitled him to legal right to the property.

The police encountered Defendant in a home for which Defendant did not possess title, and Defendant produced no proof of a legal or equitable interest in the property. Officer Donovan testified that in one of the rooms, the officers discovered a mattress with blankets and they discovered a cooler with food. These discoveries demonstrate that Defendant was not simply passing through the area, but had established the property as his dwelling, with an intent to remain in the property for some time. The property was not open to the public, and indeed, the closed doors and windows, coupled with the prominently displayed "abandoned" notice on the front door, show that there existed an intent to exclude uninvited individuals. Additionally, the State introduced into evidence the Last Will and Testament of Frances Hollis and the Deed to 45 Chesterfield Drive, both of which demonstrate that Defendant does not have an interest in the

---

[4] Pursuant to § 4001, "abandoned *personal property*" is "property which the rightful owner has left in the care or custody of another person and has failed to maintain, pay for the storage of, exercise dominion or control over, and has failed too otherwise assert or declare the ownership rights to the tangible *personal property* for a period of 1 year."[4] Section 4002 of the statute states that the Court may order "any person who holds, stores, safekeeps or otherwise is left with possession of any abandoned *personal property*, including but not limited to automobiles, motorcycles, boats and furnishings, which has been abandoned by the owner…shall be vested with complete and absolute title to said abandoned *personal property*." In addition, section 4003 provides that to receive title to the abandoned *personal property*, the individual must file a petition with the appropriate court. (Emphasis added).

property. After considering these facts, the Court is satisfied that the State has proven the elements of criminal trespass in the second degree beyond a reasonable doubt.

## CONCLUSION

The evidence in the record adduced at trial is that Defendant remained inside a home to which he knew that he had no right of ownership, and which was not open for public visitation or dwelling. The record is devoid of any evidence that refuted the State's evidence or that established that Defendant has an equitable or legal interest in the property. The State has therefore met its burden to prove beyond a reasonable doubt that Defendant committed Criminal Trespass in the Second Degree pursuant to 11 *Del. C.* § 822. Accordingly, the Court finds Defendant Dale Martini, a/k/a Kedar Anshari Ptah-El **GUILTY** of Criminal Trespass in the Second Degree. This Judicial Officer shall retain jurisdiction of this case and will schedule it forthwith for sentencing.

**IT IS SO ORDERED THIS 2ND DAY OF APRIL 2014.**

The Honorable Sheldon K. Rennie,
Judge

6